UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOWARD ELWON BURT-BRAZZIEL,
    Plaintiff,

  v.                                                              Case No. 22-C-796

GLAZE, SIMMONS, LAWSON,
KNOX, RODRIGUEZ, JOHN ROE,
JANE DOE 1-10, and DEPUTY AARON DOBSON,
    Defendants.

## SCREENING ORDER

Plaintiff Howard Elwon Burt-Brazziel, who is confined at the Milwaukee County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

### I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

I ordered plaintiff to pay an initial partial filing fee of $41.67. ECF No. 7. Plaintiff has paid that fee. I will grant plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained

at the end of this order. (As of March 7, 2023, the plaintiff still owes $248.56 for the balance of the filing fee.)

## II. SCREENING THE COMPLAINT

### A. Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United

2

States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe *pro se* complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The plaintiff alleges that on June 11, 2022, at 3:30 p.m., he was locked in his cell because his unit was locked down due to a staff shortage. He and his cellmate notified Office Glaze that their cell contained feces and urine because other prisoners were flooding the pod. Glaze saw the condition, but he made the plaintiff and his cellmate remain in the cell for several hours. Around 8:30 p.m., a worker cleaned the cell, but more flooding occurred shortly after. The plaintiff and his cellmate notified Glaze and Officer Simmons, but Glaze, Simmons, and Officer Lawson required the plaintiff and his cellmate stay in the cell until the next day. Plaintiff alleges there was also mold in the cell. The plaintiff has asthma and states sleeping in those conditions was unhealthy and unsafe. Plaintiff and his cellmate were not able to shower from June 11 to June 13, 2022, and they were not provided cleaning supplies.

Next, the plaintiff alleges that from June 11 to June 13, 2022, and from June 18 to June 19, 2022, John and Jane Doe staff served him cold meals. Plaintiff alleges these meals did not provide sufficient calories. In addition, plaintiff states he is lactose intolerant and allergic to tomato sauce, but was still being fed dairy products and tomato sauce which makes him lightheaded.

The plaintiff alleges that Deputy Aaron Dobson led the jail under these unhealthy, uninhabitable, and unsanitary conditions. For relief, the plaintiff seeks injunctive relief and punitive damages.

**C. Analysis**

Because the plaintiff was a pretrial detainee, court must assess his conditions-of-confinement claim under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). A pretrial detainee's constitutional rights may be violated when jail officials act unreasonably to objectively serious living conditions that deprive the detainee of basic human needs. *See Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015) "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id.* (quoting *Bell*, 441 U.S. at 538–39). To prevail on his claim that the conditions of pretrial confinement violate the Constitution, a detainee must prove that (1) the conditions in question are or were objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, "not rationally related to a legitimate governmental objective or . . . excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015).

The plaintiff's allegations that Glaze, Simmons and Lawson forced him to remain in his cell that was contaminated with feces, urine and mold, and did not provide him with cleaning supplies, meets this standard at the screening stage. Thus, the plaintiff may proceed against these defendants in their individual capacities on a conditions-of-confinement claim under the Fourteenth Amendment.

The plaintiff's allegations that John and Jane Does serve him food that was cold, insufficient to satisfy dietary requirements, and to which was allergic, also states a claim at this stage. *See Reed v. Bowen*, 769 F. App'x 365, 370 (7th Cir. 2019). Prisons have an obligation to "provide nutritionally adequate food." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (allegations of rancid food and a nutritionally deficient diet state a claim for violation of the Fourteenth or Eighth Amendment) (quoting *French v. Owens*, 77 F.2d 1250, 1255 (7th Cir. 1985)). However, if the plaintiff wants to pursue this claim, he should file a separate lawsuit because the claim is unrelated to his claim against Glaze, Simmons and Lawson. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). I will therefore dismiss John Roe and Jane Doe 1-10.

Lastly, the plaintiff's allegations that Dobson was responsible for the jail does not state a claim. It appears that the plaintiff blames Dobson for the lockdown, however the plaintiff does not allege that Dobson had any involvement in the allegations described in his complaint. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017). In addition, the plaintiff alleges that the lockdown was due to a staffing shortage, not for punitive purposes. *See Kingsley*, 576 U.S. at 398. I will therefore dismiss Dobson. Lastly, the complaint does not contain any allegations against Knox and Rodriguez. Thus, I will dismiss them from this case.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Knox, Rodriguez, John Roe, Jane Doe 1-10 and Deputy Aaron Dobson are **DISMISSED**.

Under an informal service agreement between Milwaukee County and this court, a copy of the complaint and this order have been electronically transmitted to Milwaukee County for service on defendants Glaze, Simmons and Lwson. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from the plaintiff's prison trust account the $248.56 balance of the filing fee **by collecting payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the clerk of court. The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that plaintiff may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2023.

        /s/Lynn Adelman
        LYNN ADELMAN
        United States District Judge