**HOWARD ELWON BURT-BRAZZIEL,**
        **Plaintiff,**

   v.                                                                           Case No. 22-CV-796

**GLAZE, et al.,**
        **Defendants.**

## DECISION AND ORDER

Plaintiff Howard Elwon Burt-Brazziel, a Wisconsin state prisoner who is representing himself, filed this action alleging that defendants violated his constitutional rights when he was confined at the Milwaukee County Jail. I screened the complaint and allowed plaintiff to proceed on a conditions-of-confinement claim under the Fourteenth Amendment based on allegations that defendants Glaze, Simmons, and Lawson forced him to remain in a cell that was contaminated with faces, urine, and mold, and did not provide him with cleaning supplies. ECF No. 21. Defendants have filed a motion for summary judgment in which they contend that plaintiff failed to exhaust his administrative remedies. ECF No. 39. This order denies defendants' motion and sets a schedule for completion of discovery and for motions for summary judgment on the merits.

### I. BACKGROUND[1]

At all times relevant to the allegations in the complaint, plaintiff was a pretrial detainee at the Milwaukee County Jail. ECF No. 37, ¶ 1.

---

[1] Facts in this section are taken from the defendant's proposed findings of fact, the declaration of Director Joshua Briggs, and attached exhibits in support of their motion.

A.  **The Jail's Grievance Procedure**

In 2022, the jail had a policy and procedure which allowed prisoners to file grievances and appeals relating to various issues at the jail, including claims of unreasonable conditions of confinement and the jail's alleged failure to investigate complaints. *Id.*, ¶ 2.

The grievance procedure is contained in the Milwaukee County Jail Occupant Handbook, which was located on the "Kiosk" or available to prisoners by request. *Id.*, ¶ 4. During booking, prisoners are informed of the Kiosk system to access the jail's rules, including the grievance procedure. *Id.*, ¶ 5. Before using the Kiosk system, prisoners must acknowledge receipt of the handbook located on the Kiosk before the prisoner can use the Kiosk system. *Id.* Defendants have filed a copy of the Occupant Handbook containing the grievance procedure available on the Kiosk that was in effect and applied to plaintiff during his relevant incarceration at the jail. *Id.*

In 2022, prisoners had access to and were able to submit their own grievances or appeals by using specific grievance/appeal forms available to them. *Id.*, ¶ 6. If a prisoner was on a watch or subject to another type of restrictions, an officer could assist him in filling out the grievance. *Id.* Plaintiff had used the Kiosk System before the dates alleged in the complaint, at which time he would have formally acknowledged receipt and review of the handbook which contains the grievance procedure. *Id.*, ¶ 7.

B.  **Plaintiff's Grievances**

Plaintiff filed his initial grievance related to the conditions of his cell on June 13, 2022. *Id.*, ¶ 8. Plaintiff subsequently filed several more grievances the conditions of his cell but did not file an appeal on any of these grievances. *Id.*, ¶ 9.

2

## II. DISCUSSION

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### B. Exhaustion Requirements

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects prisoners to adhere to "the specific procedures and deadlines" established by the institution's policy. *Dole v.*

Chandler, 438 F.3d 804, 809 (7th Cir. 2006); *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

**C.    Analysis**

Defendants contend that plaintiff failed to exhaust his administrative remedies because he did not file an appeal on any of his grievances regarding the conditions of his cell in June 2022.[2] ECF No. 36 at 6. In response, plaintiff contends that he followed the proper procedures before filing this suit. ECF No. 44. He states that an Inmate Handbook was never given to him. *Id.* He also states that he received responses to his grievances from the jail acknowledging the conditions of which he complained, "so again it never states that I the plaintiff has to appeal[.]" *Id.* The defendants in argue that plaintiff was required "to appeal any denials or responses to the grievance by Jail staff." ECF No. 46 at 2.

The Milwaukee County Jail Occupant Handbook provides the following procedure for grievances:

> 1. Complete grievance in the Kiosk. If you need help, ask the officer, or request the assistance of an advocate.
>
> 2. The grievance will be reviewed and answered by a Jail Representative.
>
> 3. If you are dissatisfied with the result, you may appeal the decision by writing supporting documentation including full names of witnesses. The appealing Jail Representative will review and rule on your appeal.

---

[2] Defendants also contend that plaintiff failed to exhaust remedies regarding his food-related claim. ECF No. 36 at 5. However, at screening, I did not allow plaintiff to proceed on a claim related his jail food allegations because that claim is unrelated to his claims against Glaze, Simmons, and Lawson. ECF No. 21 at 5. I therefore disregard defendants' arguments related to plaintiff's food claim.

4

> 4. Once the appealing representative has been ruled, and more evidence is available you may make one final appeal to the Jail Commander or his/her designee. This appeal must include all previous writings and supporting testimony and evidence and the new-found information/evidence. This decision/action is final.

ECF No. 38-1 at 3.

It is undisputed that plaintiff filed his first grievance related to his conditions-of-confinement issue on June 13, 2022, and that he filed several grievances raising the issue after that. Under the Jail's grievance policy, prisoners dissatisfied with the result of a grievance may appeal the decision. *See* ECF No. 38-1 at 3. It is undisputed that, although plaintiff submitted multiple grievances about the conditions-of-confinement issue, he did not file an appeal on any of the grievances.

Defendants have not included plaintiff's grievances with their summary judgment materials, nor have they included any details about the grievances such as how many grievances were filed by the plaintiff or their dispositions. However, attached to plaintiff's complaint are copies of grievances he submitted, some of which relate to his conditions-of-confinement claim at issue in this case. ECF No. 1-1. The responses to these grievances include acknowledgement, apologies, and explanations for allowing plaintiff and his cellmate to remain in the room in the conditions. For example, plaintiff's first grievance on the subject submitted on June 13, 2022, states:

> THIS GRIEVANCE PERTAINS TO MYSELF AND MY ROOMMATE BEING FORCED TO BE IN THE ROOM WHILE FECAL MATTER, AND URIN[E] WATER WAS ALL OVER MY FLOOR FROM SOMEONE ELSE'S OVERFLOW FLOODING, FIRST SECOND AND THIRD SHIFT IGNORED MY PLEAS TO HAVE BIO COME AND CLEAN THE BIO HAZARDOUS MATERIAL UP CAUSING ME TO BE SICK AND THROW UP THIS HAPPENED ON JUNE 11, 2022. I WAS ALSO FORCED TO BE IN MY ROOM AND SUFFER FOR LONGER THAN 48 HOURS ON OR ABOUT JUNE 5, 2022.

ECF No. 1-1 at 9. The grievance response states:

> We sincerely apologize for this inconvenience.
>
> We are doing our best to provide a safe, clean environment for all occupants and personnel.
>
> We are aware of the challenges and issues shorter recreation times may cause.
>
> This matter is in review and we are striving to rectify these issues as soon as possible.
>
> Unfortunately we can not control when and how other occupants choose to flood their cell. This not only causes damage to the pod it occurs in but surrounding floors and offices.
>
> We do try to be as swift as possible when cleaning.

*Id.*

Prisoners are required to exhaust *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). Under the jail's Occupant Handbook, inmates who are "dissatisfied with the result" of a grievance may appeal the decision. ECF No. 38-1 at 3. But the handbook does not provide for appealing a grievance for which a prisoner's response contains an apology from jail staff along with an explanation for why the issue arose and that steps were being taken to rectify the issue.

Prisoners are not required to file additional complaints or appeal favorable decisions in such cases. *Thornton v. Snyder*, 428 F.3d 690, 696 (7th Cir. 2005). It would be illogical to require an inmate to appeal such a response to his grievance, as there was no more remedy that a higher appeal could provide. "When there is no possibility of any further relief, the prisoner's duty to exhaust available remedies is complete." *Id.* (quoting *Ross v. County of Bernalilio*, 365 F.3d 1181, 1187 (10th Cir. 2004); *see also Atkinson v.*

6

*MacKinnon*, No. 14-CV-736-BBC, 2015 WL 7176381, at *6 (W.D. Wis. Nov 12, 2015) (plaintiff not required to file appeal of grievance when he did not do so in reasonable reliance on warden's representation that officials would conduct an investigation into issue raised in administrative grievance). Because plaintiff was not required to appeal after receiving such a response to his grievance, I find that he has exhausted his available administrative remedies. I will therefore deny defendants' motion for summary judgment.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' motion for summary judgment for failure to exhaust administrative remedies (ECF No. 39) is **DENIED**.

**IT IS FURTHER ORDERED** the deadline for the completion of discovery is **October 21, 2024**, and the deadline for the parties to file motions for summary judgment on the merits is **November 19, 2024**.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2024.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge